# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ALBERTO HECHT ROJAS,<br><br>Defendant. | Case No. 1:17-cr-0016-DAD-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL<br><br>(ECF No. 40) |

On January 26, 2017, Defendant Luis Alberto Hecht Rojas was charged in an information with possession of a false identification document with intent to defraud the United States. (ECF No. 1.) On September 15, 2017, the parties filed a memorandum of plea agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure. (ECF No. 13.) Defendant entered a guilty plea on September 21, 2017. (ECF No. 14.)

On June 21, 2018, Defendant was sentenced by the undersigned. Plaintiff was committed to the custody of the Federal Bureau of Prisons to be imprisoned for 1 month and he was ordered to surrender to the United States Marshal for this district at 10:00 a.m. on August 1, 2018. (ECF No. 35 at 2.) He was also ordered to be on supervised release for a term of 12 months, pay a $1,000.00 fine, and pay a $25.00 assessment. (ECF No. 35 at 6.) Plaintiff's appeal rights were waived. (ECF No. 35 at 1.)

/ / /

1

On July 2, 2018, Defendant filed a notice of appeal to the district court. (ECF No. 37.) On July 23, 2018, Defendant filed a motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). (ECF No. 40.) He requests that the Court stay imposition of the custodial sentence and commencement of the term of supervised release until his appeal to the district court is resolved. The Government filed an opposition to the motion for release pending appeal on July 27, 2018. (ECF No. 43.) The Government argues that Defendant's motion should be denied because he waived the right to raise a substantial question and has not shown that he is not a danger to the community.

A defendant may be released pending appeal pursuant to Section 3143(b)(1) of Title 18 of the United States Code, which provides that:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> **(i)** reversal,
> **(ii)** an order for a new trial,
> **(iii)** a sentence that does not include a term of imprisonment, or
> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).

"[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.' " United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id. (citations omitted). "[T]he phrase 'likely to result in reversal' defines the type of question that must be presented." Handy, 761 F.2d at 1281. This is a question which, if

"determined favorably to defendant on appeal, ... is likely to result in reversal." Id. at 1283. Defendant need not show at the outset "that the appeal will probably result in reversal." Id. at 1280.

In his motion for release pending appeal, Defendant states that his appeal raises substantial questions of law and fact likely to result in a reduced sentence to a non-custodial sentence. The only issue that Defendant discusses in his motion for release pending appeal is the reasonableness of his sentence considering the sentences of others who have been convicted of the same offense. He argues that others convicted of the same offense have been sentenced to non-custodial sentences. The Government counters that Plaintiff waived his right to appeal and therefore cannot be released pending the appeal.

However, Defendant has waived a challenge to the reasonableness of his sentence in light of the sentences of others convicted of the same offense. In the section of the plea agreement titled Agreements by the Defendant, it states that "Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, his conviction, restitution imposed, and sentence." (ECF No. 13 at 2:25-26.) Further, it states that "[t]his waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, restitution imposed, and sentence on any ground, except for non-waivable claims, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction, restitution imposed, forfeiture order and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." (ECF No. 13 at 2:26-3:3.) Also, it was addressed at sentencing that Defendant had waived his appeal rights.

"Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." United States v. Martinez, 143 F.3d 1266, 1270–71 (9th Cir.1998) (quoting United States v. Martinez, 143 F.3d 1266, 1270–71 (9th Cir.1998)). Here, the Court ensured that the plea was knowing and voluntary during the plea colloquy.

The Court: You understand no matter what you may have an agreement between

> yourself and the United States, the Court is not bound by that agreement, and the court can sentence you up to the maximum that I've just described to you. Do you understand that?
>
> Rojas: Yes.
>
> The Court: You know that if I sentence you to the maximum, that you would not be able to withdraw your plea. Do you understand that?
>
> Rojas: Yes.
>
> . . .
>
> The Court: Alright Mr. Rojas, you've also agreed to waive your right to appeal your plea conviction and sentence, restitution, also restitution imposed and that waiver includes the right under habeas corpus also, meaning that you could not complain to a higher court that your sentence was inappropriate or that your conviction was inappropriate. You realize that you're giving up your right to appeal forever. Do you understand that?
>
> Rojas: Yes.

Exhibit A at 10:46:20 to 10:47:26.

Defendant knowingly and voluntarily waived a challenge to his sentence except for non-waivable claims and the issue that he discusses in his motion for release pending appeal is not a non-waivable claim. Defendant does not argue that he was sentenced above the statutory maximum or that the sentence he received could not be imposed. He only argues that his sentence was unreasonable given the non-custodial sentences by the Court for defendants convicted of the same offense.

During Defendant's sentencing, the Court determined that the appropriate sentencing guideline range was one to seven months. The Court determined that there was no basis for a downward departure from the sentencing guideline range.[1] The Court determined that based on Defendant's early acceptance of a plea and the fact that Defendant is innocent until proven guilty on the pending charges, Defendant should be sentenced to the low end of the sentencing guideline range. Therefore, Defendant was sentenced to one month of imprisonment, which is not only within the statutory maximum, but at the low end of the sentencing guideline range.

---

[1] The plea agreement specifically states that the sentencing court is not a party nor bound by the plea agreement and the sentencing judge can impose the maximum penalties, which, as set forth in the plea agreement, is one year of imprisonment and one year of supervised release. (ECF No. 13 at 6:15-20, 8:7-9.) Defendant was also informed that the court could take into account any facts and circumstances concerning the criminal activities of Defendant, including activities he was not charged with in the Information in this case. (ECF No. 13 at 8:9-11.)

The Court notes that others who are sentenced for this same offense may receive different sentences because the Court considers the facts and circumstances of each case.

Here, as discussed in the February 9, 2018 third revised presentence investigation report, Defendant has two prior convictions and a pending felony case in state court. (ECF No. 25.) Defendant was convicted of abusing toxic vapors, a level two drug misdemeanor, for an incident that occurred on September 3, 2014. Defendant admitted that he presented a forged prescription to a pharmacy and was initially charged with a felony, but the felony charges were dismissed for a guilty plea to a misdemeanor.

Defendant also has felony charges pending in San Bernardino Superior Court for felony violations of California Penal Code sections 487(a), 484(a), 490.2, 476, 473(a), and 529(a)(3). Defendant failed to appear for his initial appearance on February 7, 2018, and a warrant is pending in the Los Angeles County Superior Court. This prosecution is based on an October 4, 2016 incident in Ontario, California. As the Court noted, Defendant is innocent until proven guilty of these pending charges.

In the current case, Defendant has admitted to be knowingly in possession of a fraudulent California Driver's License on January 5, 2017, with the intent to cause the United States to issue him a passport. (ECF No. 13 at ¶ 5.)

In August 2017, Defendant was arrested for providing forged birth certificates to several individuals so they could obtain California Identification cards. Defendant pled guilty to a felony on October 24, 2017. He was sentenced on November 28, 2017 to three years of probation.

While Defendant argues that his sentence is unreasonable given the sentences for other defendants convicted of the same offense, Defendant's prior convictions provide a basis to distinguish his situation from other defendants engaged in the same conduct. Defendant's two prior convictions based upon fraudulent documents provide the basis for a sentence at the lower range of the sentencing guidelines.

In his plea agreement, Defendant expressly waived his right to appeal his sentence on any ground. Defendant only retained the right to appeal non-waivable claims, and expressly waived

any challenge based on section 3742. As Defendant agreed to waive any challenge based on section 3742, his appeal of his sentence is a clear breach of the plea agreement. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (waiver of right to appeal applies to sentence within guidelines).

Defendant's disregard of clear language in his plea agreement does not constitute "a substantial question of law or fact likely to result in reversal, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). Further, even if Defendant had not waived his right to appeal there would still be no substantial question of law or fact as he received a sentence at the low end of the sentencing guideline range. As Defendant's motion for release pending appeal does not present a substantial question of law or fact, the Court finds that Defendant's motion for release pending appeal should be denied.[2]

Defendant requests a hearing on the motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). Defendant has filed his motion arguing that this appeal states a substantial question because the sentence was unreasonable as other defendants convicted of the same offense receive non-custodial sentences. While Defendant argues that whether the sentence he received is unreasonable is not readily answerable, he is aware of the sentence that he received and his criminal history. Defendant has set forth no reason why he would be unable to compare his sentence to the sentences of other defendants convicted of the same offense. Defendant has had the opportunity to present his arguments and the Court finds that the issues are adequately briefed on the papers.

The Court has read and considered the moving papers and finds that the motion is suitable for decision without oral argument. See United States v. Movsesyan, No. 2:15-CR-236-GEB, 2018 WL 3014140, at *2 (E.D. Cal. June 14, 2018) (deciding motion without a hearing); United States v. Caballero, No. 2:15-CR-191-JAM, 2016 WL 3651056, at *1 (E.D. Cal. July 7, 2016) (same).

---

[2] As the Court finds that Defendant has failed to raise a substantial question, the Court declines to address the Government's argument that Defendant is a danger to the community.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for release pending appeal is DENIED.

IT IS SO ORDERED.

Dated: **July 31, 2018**

_____
UNITED STATES MAGISTRATE JUDGE